IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL O. GONZALEZ, | : |
| | : CIVIL ACTION NO.: |
| Plaintiff, | : |
| | : |
| v. | : **JURY TRIAL DEMANDED** |
| | : |
| JETRO HOLDINGS LLC d/b/a | : |
| RESTAURANT DEPOT, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Angel O. Gonzalez, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Jetro Holdings LLC d/b/a Restaurant Depot, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000e *et seq.*, as well as pendent state law claims arising under the provisions of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. (the "PHRA"), and 28 U.S.C. §§1331 and 1343.

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

3. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

1

## THE PARTIES

4. Plaintiff, Angel O. Gonzalez ("Mr. Gonzalez") is an adult male individual residing at 624 Laurel Street, Reading, Berks County, Pennsylvania 19602.

5. Defendant, Jetro Holdings LLC d/b/a Restaurant Depot ("Restaurant Depot"), is a Delaware limited liability company with a corporate headquarters address of 1710 Whitestone Expressway, Whitestone, New York 11357.

6. At all times relevant to this Complaint, Restaurant Depot operated a facility located at 3045 North Fifth Street, Reading, Berks County, Pennsylvania 19601.

7. At all times relevant to this Complaint, Restaurant Depot employed in excess of fifteen (15) employees, including Mr. Gonzalez, making Restaurant Depot an "employer" as defined under Title VII and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

8. On or about December 18, 2024, Mr. Gonzalez filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), which was docketed as Charge No. 530-2025-02142, alleging Restaurant Depot discriminated against him on the basis of his gender, fostered a sexually hostile work environment, and terminated him for refusing the sexual advances of his female supervisor. The filing included instructions for the EEOC to dual file his discrimination claims with the Pennsylvania Human Relations Commission.

9. Mr. Gonzalez has been advised of his individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated February 4, 2026.

10. Mr. Gonzalez has exhausted all administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

11. Mr. Gonzalez worked for Restaurant Depot as a Receiving Manager at its Reading, Pennsylvania facility starting on or about May 13, 2024.

12. Mr. Gonzalez had previously worked for Restaurant Depot in Philadelphia in 2014 before accepting the position in Reading.

13. During his tenure with Restaurant Depot in Reading, Mr. Gonzalez was constantly harassed and asked for sexual favors by the Store Manager, Magdalena Valentin, who was Mr. Gonzalez's direct supervisor and had the authority to terminate Mr. Gonzalez.

14. Mr. Gonzalez engaged in a brief sexual relationship with Ms. Valentin because of her harassment, but then told her that he was not interested and subsequently refused to give in to her continued advances and harassment.

15. After Mr. Gonzalez began to refuse Ms. Valentin's further advances, Mr. Gonzalez was retaliated against.

16. Eventually, Mr. Gonzalez was suspended on November 6, 2024, and subsequently terminated on or about December 4, 2024.

17. Mr. Gonzalez was told that he was terminated for failing to follow directives, but Ms. Valentin, as part of her campaign of harassment and retaliation, had assigned Mr. Gonzalez tasks that were outside of his job responsibilities, and when Mr. Gonzalez questioned those, he was suspended and terminated.

18. Based upon these facts, Mr. Gonzalez was subjected to a sexually hostile work environment on the basis of his gender, and *quid pro quo* sexual harassment, which resulted in his termination after he refused his supervisor's persistent and unwelcome sexual advances.

## COUNT I

### VIOLATIONS OF TITLE VII
### SEXUALLY HOSTILE WORK ENVIRONMENT

19. All prior paragraphs are incorporated herein as if set forth fully below.

20. Restaurant Depot created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its facility in Reading, Pennsylvania, where Mr. Gonzalez worked.

21. The sexually hostile environment was specifically known to Restaurant Depot's management, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

22. As a consequence of the hostile environment supported and encouraged by Restaurant Depot's actions and failures to act, Mr. Gonzalez was subjected to emotional distress, physical injury, a loss of self-respect and confidence, humiliation, ridicule and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

23. The actions of Restaurant Depot set forth above constitute violations of Title VII.

**WHEREFORE**, Plaintiff, Angel O. Gonzalez, respectfully requests this Honorable Court to enter judgement in his favor and against Defendant, Jetro Holdings LLC d/b/a Restaurant Depot, together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

## VIOLATIONS OF TITLE VII
### *QUID PRO QUO* SEXUAL HARASSMENT

24. All prior paragraphs are incorporated herein as if set forth fully below.

25. Restaurant Depot illegally terminated Mr. Gonzalez because he refused his supervisor's persistent and unwelcome sexual advances, which constitutes *quid pro quo* sexual harassment.

26. As a consequence of Restaurant Depot's illegal actions, Mr. Gonzalez was subjected to economic loss, damage to his professional career, emotional distress, physical injury, a loss of self-respect and confidence, humiliation and ridicule, all of which manifested itself in mental and physical distress, injury and damage.

27. The actions of Restaurant Depot set forth above constitute violations of Title VII.

**WHEREFORE**, Plaintiff, Angel O. Gonzalez, respectfully requests this Honorable Court to enter judgement in his favor and against Defendant, Jetro Holdings LLC d/b/a Restaurant Depot, together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

## VIOLATIONS OF THE PHRA

28. All prior paragraphs are incorporated herein as if set forth fully below

29. This is an action arising under the provision of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count III arise out of the same facts, events and circumstances as Counts I and II, and therefore

judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

30. By creating, permitting, tolerating, encouraging and fostering a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its business location where Mr. Gonzalez worked, Restaurant Depot violated Mr. Gonzalez's state rights under the PHRA, which prohibits harassment based upon gender with respect to the continuation and tenure of employment.

31. Restaurant Depot further violated Mr. Gonzalez's state rights under the PHRA by terminating Mr. Gonzalez because he refused his supervisor's persistent and unwelcome sexual advances, which constitutes *quid pro quo* sexual harassment.

32. As more fully set forth in Counts I and II, Mr. Gonzalez has suffered directly and solely as a result of Restaurant Depot actions, both economic harm and emotional distress, and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, Angel O. Gonzalez, respectfully requests this Honorable Court to enter judgement in his favor and against Defendant, Jetro Holdings LLC d/b/a Restaurant Depot, together with back wages, front wages, compensatory damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a jury trial.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **Weisberg Cummings, P.C.** |
| Dated:  February 12, 2026 | */s/ Larry A. Weisberg* <br> Larry A. Weisberg (PA 83410) <br> lweisberg@weisbergcummings.com |

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA #83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA #313550)
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA # 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*